HENRIETTA STUART v. LUCIEN SCOTT, et al.

PARTIES TO ACTION; *Prayer; Practice; No Error.* L. had a judgment lien, and S. a prior mortgage lien on the same real estate. S. dying, his administratrix foreclosed the mortgage without making L. a party to the suit. The property was afterward sold under the foreclosure judgment to the administratrix, the sale confirmed, a sheriff's deed executed to her, and she took possession of the property. She then commenced an action against L., substantially to quiet her title—the action also partaking to some extent of the nature of a strict foreclosure of the mortgage. The plaintiff did not at any time, either in writing or orally, ask or pray for a judgment requiring or authorizing, or even permitting L. to redeem the premises, and did not even intimate to the court that such a judgment would be acceptable to her. The court held that under the circumstances of this case the plaintiff could not maintain her action. *Held,* Not error.

· *Error from Leavenworth District Court.*

ON the 24th of August, 1870, the Leavenworth Educational Association, being seized in fee of the east part of block thirty-four in the central subdivision of Leavenworth . city, known as "Maplewood," gave a note for $5,000 to plaintiff's intestate, Andrew Stuart, and a mortgage upon the premises described, to secure the payment of the note; which mortgage was duly recorded, August 30, 1870. On the 6th of September, 1871, the association gave its promissory note for $1,500 to *Lucien Scott,* defendant in error, which note was indorsed by *H. W. Gillett* and *L. T. Smith,* two of defendants in error. *Scott,* on the 8th of September, 1873, recovered a judgment thereon in the district court of Leavenworth county, against the maker and the indorsers. Plaintiff in error, by Pendery and Goddard, her attorneys, on the 25th of May, 1874, commenced her action, as administratrix of the estate of Andrew Stuart, deceased, against the Educational Association on the note and mortgage, and on the 27th of June, 1874, recovered a judgment for $5,778, and a decree of foreclosure declaring said judgment a first lien upon said premises; and afterward, the same were sold to

plaintiff in error on the 15th of September, 1874, on a special execution from said court, under said judgment and decree, for the sum of $6,020. The sale was confirmed on the 24th of October, 1874, and the sheriff deeded said premises to plaintiff in error on the 2d of February, 1876. But, in the proceeding to foreclose the mortgage, plaintiff's attorneys, by an oversight, omitted to make the said judgment creditor a party to the above action. A levy was made upon said premises under the Scott judgment, and plaintiff in error commenced an action on the 24th of September, 1874, before the confirmation of the sale, and the deed from the sheriff aforesaid, to prevent the sale under such levy, and for the purpose of quieting the title of plaintiff in error. The sale was restrained, but on the trial the court found for the defendants, upon the ground that the plaintiff had not sufficient title to commence and maintain her action. On the 11th of October, 1876, an execution was issued, and another levy made, under the Scott judgment, upon said premises; and thereupon *Henrietta Stuart*, by her attorneys, Pendery and Goddard, commenced this action in the court below against *Scott*, *Gillett*, and *Smith*, to quiet title to the above-mentioned real estate. Trial by the court at the December Term, 1877, and findings and judgment for the defendants. The plaintiff brings the case here for review.

*J. H. Gillpatrick*, and *J. W. Taylor*, for plaintiff in error:

1. The judgment creditor was not a necessary party. (Pomeroy on Remedies, p. 383 — note, citing *Proctor v. Baker*, 15 Ind. 178.) Where such a creditor is not made a party, he retains the right to redeem, and nothing more. (2 Story's Eq. Jur., § 1023; 44 Ill. 426; 35 Iowa, 292; Van Santvoord's Eq. Pr., 2 ed. 109, 110.) In exercising this right, the junior creditor (Scott) must tender the amount of the purchase-money. (Rorer on Jud. Sales, §§ 931, 937.) The creditor seeking to redeem must deposit and tender a sufficient amount to redeem under the first sale. (26 Ill. 177; 45 Vt. 303; 37 N. H. 436;

22 Iowa, 452.)   If plaintiff in error had denied the right of redemption, the course of defendants in error would have been by a petition to redeem, and to tender and deposit the amount due, but not to levy and sell. (2 Barb. Ch. Pr. 198, 199; 4 Paige Ch. 58.)   To have made the creditor a party would have been better practice, but it was not necessary. (Pomeroy's Remedies, § 342, and cases cited.)

2. This suit is based upon a new and independent title from that of mere possession, which was asserted in the first action.   At the commencement of this action, the plaintiff had received a deed from the sheriff, which she did not obtain until some time subsequent to the decision and judgment in the former suit.   This fully justifies and will sustain another action. (14 Ohio St. 328; 25 Cal. 266; 2 Blackf. 261; 7 Johns. Ch. 1.)   The two complaints are not identical, nor do they, within the meaning of the authorities, present the same subject-matter or controversy.   The former was a brief, formal petition, to quiet title.   Here the attorneys set forth all the facts in the case necessary to justify a decree suggested in plaintiff's petition in error, though the proper prayer was not appended, which is of course immaterial, the prayer being no part of the petition. (Pomeroy on Remedies, § 580; 40 N. Y. 504.)   The facts here show title in plaintiff, and a judgment-creditor with a lien on the equity of redemption, who will not offer to redeem, but vexes the purchaser with executions. Upon the facts, and under the general prayer for relief, this court should order a decree to be entered that defendant Scott, within a time to be fixed, redeem said premises, or forever after be barred and foreclosed from all lien or rights therein. The defendant Scott should be put to this alternative. (20 N. Y. 62; 25 N. J. Eq. 44.)

3. The court below concluded that there cannot be a strict foreclosure, or a judgment in the nature thereof, in this state; but be that as it may, we contend that a plain, concise statement of facts constitutes a *civil action*, and that, whatsoever the petition, in the light of the vagaries of the past, may

seem to be, and whether there be any appropriate prayer or not, a grievance, if stated, is entitled to relief—such is certainly the spirit of the code. (*Green Adm'r, etc., v. Williams, Adm'r, etc.*, 21 Kas. 64. In such a case as the one at bar, the New York courts hold, that what is known as a strict foreclosure is proper. In this case, there has been a foreclosure and sale, to which no objection has been made for insufficiency of price, or otherwise. In *Bolles v. Duff*, 10 Abb. (N. S.), Peckham, J., says: "Strict foreclosures are now rarely pursued or allowed in this state, except in cases where a foreclosure has once been had, and the premises sold; but some judgment creditor, or person similarly situated, not having been made a party, has a right to redeem—as to him a strict foreclosure is proper." See 5 Wait's Pr., art. 2, p. 247; also, 4 Paige Ch. 58; 15 Ind. 178.

4. The original or leading idea of plaintiff's counsel, at the inception of this action, was, that the so-called action to quiet title was the remedy required, which, while less appropriate and effective, is still justified by precedent. (5 Paige Ch. 501.) The defendant Scott has no right except to redeem, and a deed on execution sale by him would be canceled and set aside, for he could sell only the interest of the judgment debtor, and the whole interest was merged in the plaintiff by the foreclosure sale. The purchaser at such a sale takes the whole title of mortgagor and mortgagee. (2 Ohio St. 339.) The action to quiet title, or a petition aimed at such a purpose, will be sustained where plaintiff might be deprived of the property, or its title be clouded, or its value be depreciated, or plaintiff might be incommoded or damnified out of adverse pretensions. (17 Cal. 149; 25 id. 357.) If the sale were completed and a deed executed, plaintiff would be compelled to produce her own title in defense, and this is such a cloud as courts will interfere to prevent. (43 Cal. 85; 5 id. 73; 2 Estee's Pl. and Pr. 333, §§ 8, 9.) A party has a right to have his title to land protected from a sale which may cast a cloud upon it. (46 Ill. 117; 5 Cal. 73.)

*Clough & Wheat,* for defendants in error:

The Scott judgment became a lien on the land before the plaintiff in error began her suit to foreclose her mortgage thereon; but said suit did not affect Scott's lien. (7 Wis. 263; 14 Ill. 263; 33 Ill. 440; 16 Ohio St. 193; 23 Ill. 379; 9 Wis. 533; 4 Paige, 526; 31 N. Y. 218; 20 Iowa, 58.)

We suppose that there is no substantial difference between the plaintiff's petition filed September 24, 1874, against Scott, Gillett and Smith, and the case stated in her petition filed against them November 22, 1874. The latter action was brought as an attempt on her part to retry the issues in the former action. We submit that the judgment in the first case mentioned is *res adjudicata* as to the matters by plaintiff complained of in her first-mentioned petition. (7 Wall. 619; 43 Vt. 410; 3 Denio, 238; 5 id. 497; 3 Cow. 120; 6 Hill, 122; 15 Kas. 602; 26 Mo. 583; 24 Pa. St. 242; 68 Ill. 264, 198; 9 Ind. 490, 493; 30 Iowa, 433; 36 id. 244; 31 Barb. 381, 584; 42 id. 272; 3 N. Y. 371, 512; 4 id. 578, 174; 43 id. 248; 12 id. 184; 16 id. 554; 6 Wend. 284, 291; 12 Md. 580; 53 Me. 258; 4 Sneed, 446, 351.)

It is immaterial in the case now in error here whether there was or was not error in the trial of the first case between these parties. (14 Johns. 277; 6 Wend. 291; 2 Smith's Leading Cases, 805, 807; 5 Denio, 497.) The judgment therein against the plaintiff is conclusive between the parties. These two cases of plaintiff against defendants are, as we underderstand them, substantially alike, and in substance and effect and fact cases under § 594 of the code, and plaintiff being in possession, as she is found to have been when the first suit was brought, and by reason of that possession having a right to a determination of claims and interests adverse to her, if her right was paramount to the right or lien claimed by defendants, it follows that a finding for the defendants in said case was in effect a finding that the defendants' interest was paramount to that of plaintiff.

Under § 290 of the code, it was only necessary for the find-

ing to be general for the defendants in the first-tried case between the parties to this suit, in order to save their rights and liens to set up in the answer in that case, and the finding being so, and a judgment in their favor in the first case, it follows that the rights and liens set up by the defendants in that first case were adjudicated upon in the first case, and in effect determined to be a prior lien to any right of plaintiff, and that judgment being in force is conclusive between the parties, and is the end of the matter, and therefore the court decided correctly in the last case; that is, by giving due effect to the first judgment as a matter conclusive between the parties, adjudging it to be a lien upon the property, which of course it was, and of course Scott can proceed to sell the property to satisfy his judgment.

As against these defendants, if said mortgage was valid as against them, plaintiff got no new or greater right because of the sheriff's deed. They were not parties to the proceeding in which it was obtained; and as to them, even at the trial in the last case, it could have no greater force than the mortgage, as their lien accrued *before* the foreclosure suit was commenced; hence, plaintiff had not, as against defendants, any new right acquired after even the commencement of her first suit against defendants, and that judgment in the first case could of course be given in evidence, either under a general denial or a special plea.

Plaintiff framed her petition and prayed for judgment and assigns error as though she thought in this suit she could have a strict foreclosure of a mortgage. She could not have such relief, or any relief, on her first-mentioned petition, even if everything was as therein stated, other than a sale of the mortgaged property. (Code, § 399.)

We consider it not necessary to cite statutes or cases to show that, in this state, Scott's judgment became a lien on the land (which all parties conceded to have been that of said association), and the association being his principal debtor, it was proper for its property to be first exhausted. But whether so or not, is not material, as there is nothing in

the case here to show that the land was levied upon too soon or improperly. Scott's judgment being such lien on the land, the cases first above cited show on principle that the foreclosure suit did not affect his rights. If plaintiff had wanted to bar him, she should have made him a party to her suit in foreclosure, and then tried the question as to whether her mortgage was valid or not. She did not do that way. If she wanted to bar Scott or his judgment, she should have brought a proper action, and then, if improperly beaten, brought the case here; but instead of bringing an action to foreclose, she brought an action to try defendants' rights. If the mortgage was valid, unpaid and subsisting, she had under it a right to retain possession, and if it was valid as against Scott, the finding should have been for her and against him; but as the finding was the reverse, it follows that her mortgage was void as to Scott, and as said finding and the judgment rendered thereon in favor of defendants were proper, and stand in full force, we submit that the district court should, at the trial of the last case, have given it effect.

The opinion of the court was delivered by

VALENTINE, J.: This was an action substantially to quiet title to certain real estate situated in Leavenworth county, but also taking to some extent of the nature of a strict foreclosure of a mortgage. The real estate belonged originally to the Educational Association of Leavenworth, Kansas, and was mortgaged by the association to Andrew Stuart on August 24, 1870. This mortgage was duly recorded August 30, 1870. On September 6, 1871, the association gave its promissory note to Lucien Scott, of which note Gillett and Smith were indorsers. On September 8, 1873, Scott obtained a judgment on this note in the district court of Leavenworth county against said educational association and said Gillett and Smith, which judgment is still in force. This judgment was of course a lien on said real estate, subject however to the prior lien of said mortgage.

On June 27, 1874, Henrietta Stuart, administratrix of the estate of said Andrew Stuart, who died intestate in 1872, recovered a judgment and decree of foreclosure on said mortgage against said educational association. Neither Scott, nor Gillett, nor Smith, was a party to the suit in which this fore-closure judgment was rendered, and hence the judgment could not have any effect upon their rights. Afterward said property was sold on said foreclosure judgment to Henrietta Stuart, the sale was duly confirmed, a sheriff's deed was duly executed to her for the premises, of which she took possession, and has since held the possession of the same. Afterward an execution was issued on the Scott judgment against the educational association and Gillett and Smith. This execution was levied on said real estate, and the sheriff was about to sell the same when this action was commenced. This action was begun by said Henrietta Stuart against said Scott and Gillett and Smith, and the prayer of her petition was as follows:

"The plaintiff therefore prays that an injunction may be granted to restrain the sale of said property by the sheriff of Leavenworth county aforesaid, which he threatens to do on the 11th day of December, A. D. 1876, by virtue of the execution now in his hands, or at any other time, in said cause; also, that the title of this plaintiff to the real estate aforesaid may be quieted, and may be adjudged, established and declared by this court to be free and clear from any liens by virtue of the judgment above referred to in favor of defendant, said Lucien Scott, or any subsequent proceedings; and that the said defendants may be adjudged and declared to have no interest or lien on said real property belonging to this plaintiff; and that the plaintiff in this cause may have such other or further relief as may be agreeable to equity."

The court below, after making separate findings of fact, made conclusions of law, as follows:

"1. That there cannot be a strict foreclosure, or a judgment in the nature thereof, in Kansas.

"2. That said Lucien Scott has a lien on the above-mentioned tract of land, to and for the amount of the judgment by him recovered in September, 1873.

"3. That plaintiff is not entitled to maintain any such action as this.

"4. That defendants are entitled to a judgment that they go hence without day, and have and recover of and from said plaintiff their costs herein expended, and that execution issue therefor."

Judgment was rendered in accordance with this fourth conclusion of law.

The plaintiff now brings the case to this court, and asks that said judgment be reversed, on the ground, as we understand, that the court below should, instead of rendering the judgment it did, have rendered a judgment requiring the defendants Scott, Gillett and Smith to redeem said property from said mortgage within some specified time, or that they be forever barred and foreclosed from all equities and interest in said land. No such judgment was asked for, however, in the court below. There was not the slightest intimation, even, presented to the court, either written or oral, that such a judgment, or indeed any judgment authorizing or permitting a redemption would have been acceptable to the plaintiff. It is true, that during the trial the plaintiff's attorneys offered orally to the defendants' attorneys to permit the defendants, or either of them, to redeem the premises, but nothing of this kind was said or intimated to the court. All that the court could properly know—indeed, all that the court may in fact have known with reference to plaintiff's desires for a judgment—was to be found in the prayer of her petition, and that was against any such judgment as the plaintiff now desires. We do not think that the court below erred in refusing to render the judgment which the plaintiff asked for, for we do not think that the plaintiff was, under the circumstances of this case, entitled to any such judgment; and we do not think that the court below erred in failing to render a judgment which the plaintiff did not ask for. A court is not bound to do better for any party than such party asks the court to do for him or her. We do not think that the plaintiff has lost much, if anything, by the present judgment. Her claim to said property is paramount to that of the defendants, and neither the defendants nor any purchaser

38 — 22 KAS.

at sheriff's sale under the Scott judgment can get possession of the property until he redeems the property by paying to the plaintiff whatever law and equity would require.

HORTON, C. J.: As this court construes the petition filed in this case, and as prosecuted, was not an action to compel the defendants to redeem, and decides that neither the defendants nor any purchaser at sheriff's sale under the Scott judgment can get possession of the property in controversy until they redeem the property by paying to the plaintiff whatever law and equity would require, I concur in the judgment rendered. Instead of bringing her action to quiet title, the plaintiff ought to have filed a petition or bill to compel defendants to redeem within a reasonable time, and she has that right still, notwithstanding her previous actions, and the judgments entered.

BREWER, J.: I concur in affirming the judgment, but not upon the ground stated in the opinion of the court.